589 So.2d 546 (1991)
Robert G. ALFORD, Joey Morris, Ronda Korkosz, Charlotte M. Hennigan, and Wendy S. Morris
v.
Gregory Andrew KAISER, ABC Insurance Company, and Hartford Casualty Insurance Company.
CA 90 1149.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Rehearing Denied January 3, 1992.
*547 David W. Robinson, Baton Rouge, for plaintiffs-appellants Robert G. Alford, et al.
John W. Perry, Jr., Baton Rouge, for defendants-appellees Gregory Andrew Kaiser, et al.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
This appeal involves plaintiffs' entitlement to coverage under the UM provisions of a liability insurance policy. The trial court held that the policy did not afford coverage to plaintiffs and granted a motion for summary judgment filed by the insurer. We affirm.

FACTS
As set forth in plaintiffs' petition, the facts of this case are as follows: Plaintiffs are the surviving husband and children of Linda Alford, who was shot and killed by defendant, Gregory Kaiser, on April 14, 1988. On the night of April 13, Joey Morris (Mrs. Alford's son), Greg Kaiser and Sheila Shelly were together at a nightclub in Baton Rouge, Louisiana. Morris and Kaiser got into a fist fight which was stopped by an off-duty police officer employed by the bar as a security officer. The officer and Shelly then drove Morris to his mother's home. Minutes later, Kaiser arrived and began hitting Morris with his fists. When the officer and Shelly interrupted, Kaiser threatened to kill Shelly and then left the Alford premises. The police were summoned; however, Kaiser was gone when they arrived, so they merely prepared a report and departed. Plaintiffs allege that Kaiser made plans to return and attack Ms. Shelly, who had remained at the Alford residence. In furtherance of that plan, Kaiser obtained his father's vehicle, drove it into the Alford's yard, fired three shots from a pistol into the crowd standing in the driveway and fled from the scene. Linda Alford was struck by one of the shots, and she later died at the hospital from the gunshot wound.
Plaintiffs subsequently filed suit for the wrongful death of Mrs. Alford. Named as defendants were Gregory Kaiser and American Indemnity Company, the automobile liability insurer of the Kaiser vehicle. Plaintiffs claimed, however, that the American Indemnity policy was insufficient to fully satisfy their damages, so they also filed suit against Hartford Casualty Insurance Company (Hartford), the uninsured *548 /underinsured motorist (UM) insurer of the Alfords.
Hartford answered the petition, denying that the actions of Mr. Kaiser arose out of the use of an automobile. Thus, Hartford claimed, Kaiser is not properly an "uninsured" or "underinsured" within the meaning and contemplation of La.R.S. 22:1406 and/or the terms and provisions of the Hartford policy. Hartford then filed a motion for summary judgment, in support of which a copy of the policy was attached.
After a hearing, the trial court granted Hartford's motion for summary judgment and dismissed it as a defendant. It is from this judgment that plaintiffs bring the instant appeal. They argue that, where uncontradicted allegations are made that the use of an insured vehicle played a necessary and active part in the commission of the tort complained of, it was an error of law for the trial court to dismiss the action on the ground that the tortious act did not arise from the use of the vehicle within the UM coverage at issue.

UNINSURED MOTORIST COVERAGE
The pertinent UM provisions of the Hartford policy provide as follows:
A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
1. Sustained by an insured; and
2. Caused by an accident.
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. La. Code Civ.P. art. 966. Interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. See Ledbetter v. Concord General Corporation, 564 So.2d 732, 735 (La. App.2d Cir.1990).
The facts of this case are not disputed. Under the language of the Hartford policy, the only issue is whether an "arising-out-of-use" provision has been met. In the recent case of Kessler v. AMICA Mutual Insurance Company, 573 So.2d 476, 478 (La.1991), the Supreme Court stated that the analysis to be used in making such a determination involves two separate questions, as follows:
(1) Was the conduct of the uninsured of which the plaintiff complains a legal cause of the injury?
(2) Was it a use of the automobile?
In Kessler, an unidentified motorist ran a stop sign, causing plaintiff to swerve to avoid a collision. After plaintiff honked his horn, the other driver fired a shot through the back window of plaintiff's car, striking him in the head. The AMICA policy provision in question in Kessler is identical to the Hartford provision at issue in the instant case and provided that the uninsured operator's liability must arise out of the use of the automobile. In that case, applying the analysis set forth above, the Supreme Court held, in pertinent part, that the conduct of the unidentified motorist in shooting the plaintiff was a legal cause of the plaintiff's injury. However, the court held that the conduct of the motorist in shooting a gun toward the plaintiff was not a use of the vehicle. In so holding, the court stated:
The only interpretation of `use' which would result in a finding that the conduct in this case was use of the vehicle is a holding that `use' may be interpreted to mean `while using.' Such an interpretation would extend the meaning of the arising-out-of-use provision of the policy beyond the contemplation of the parties to the contract and would not comport with the common-sense interpretation *549 mandated by Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968).
The conduct which was the legal cause of the plaintiff's injury was the unidentified motorist shooting a gun toward the plaintiff. A common-sense analysis reveals that this conduct was not a use of the vehicle despite the fact that the unidentified motorist may have been using the vehicle at the time. The duty that the unidentified motorist breached existed independently of his use of the automobile. The fact that he was in his vehicle at the time of the shooting was incidental to the breach of his duty not to shoot at the plaintiff. This breach did not require the use of the vehicle nor did it involve the use of the vehicle. (Citations omitted.)
573 So.2d at 479.
Plaintiffs argue in brief on appeal that, allegedly, Kaiser involved the use of the vehicle as an essential element of his mission to attempt to kill Sheila Shelly. The shooting did not occur on the spur of the moment, nor was it merely incidental to the use of the automobile. The vehicle provided Kaiser with the means to carry out his plan and to rapidly escape. Finally, plaintiffs argue that it may be shown that the use of the vehicle was such an integral part of the commission of the tort to the extent that reasonable minds could conclude that the incident would likely not have happened without the use of the vehicle. We disagree. The fact that the shooting in the instant case was presumably plotted by Kaiser does not distinguish our case from Kessler. It is unknown in Kessler whether the unidentified motorist plotted to shoot at a random fellow motorist. That fact is, indeed, beside the point. Moreover, we simply cannot say that the Kaiser incident would likely not have happened without the use of his father's car. Unfortunately, the shooting itself, which is the legal cause of plaintiffs' damages, could have occurred had Kaiser been on foot or riding a bicycle. As stated in Kessler, the duty that was breached by Kaiser (to refrain from shooting at someone) existed independently of his use of the automobile. The conduct which was the legal cause of plaintiffs' damages was shooting a gun toward Mrs. Alford, not the use of the vehicle.
For these reasons, we hold that plaintiffs are not entitled to coverage under the UM provisions of the insurance policy issued to the Alfords. The judgment of the trial court granting Hartford's motion for summary judgment is affirmed. Costs of this appeal are assessed to plaintiffs/appellants.
AFFIRMED.