633 So.2d 1308 (1994)
John M. TAYLOR and John Marvin Taylor, Jr.
v.
WOODPECKER CORPORATION, et al.
No. CA 93 0781.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
*1309 Michael R. Mangham, Herman E. Garner, Jr., Mangham, Davis & Oglesbee, Lafayette, George Griffing, Jonesville, for plaintiffs-appellants John M. Taylor, Jr., Frank S. Taylor.
J.W. Seibert, III, Smith, Taliafferro, Seibert & Purvis, Vidalia, for defendant-appellee Succession of E.C. Wentworth.
Before CARTER, GONZALES and WHIPPLE, JJ.
WHIPPLE, Judge.
Plaintiffs appeal the judgment of the trial court, granting a motion for summary judgment filed by defendant, the Succession of E.C. Wentworth (Succession of Wentworth). The Succession of Wentworth answered the appeal, asserting that the trial court erred in denying its exception pleading the objection of prescription. For the following reasons, we reverse the trial court's granting of the motion for summary judgment and affirm the trial court's denial of the exception pleading the objection of prescription.

*1310 FACTS AND PROCEDURAL HISTORY
This suit was initially filed in the Twenty-eighth Judicial District Court, by plaintiffs, John M. Taylor and John Martin Taylor, Jr., against Woodpecker Corporation and E.C. Wentworth.[1] The Taylors' suit was filed against E.C. Wentworth, as the unit operator of a well known as the Smith-Wentworth VUA, J.H. Allen No. 1 Well (the Allen well) located in Unit 71B of the Nebo-Hemphill Field, as established in LaSalle Parish by Louisiana Conservation Commission Order Number 24-D on July 3, 1942. In their suit, the Taylors sought an accounting from Wentworth for the oil and gas produced from the Allen well allocable to a 22.85 acre tract of land owned by them and located within Unit 71B.[2]
On May 15, 1991, the Succession of Wentworth filed a motion for summary judgment and an exception pleading the objection of prescription. In its motion for summary judgment, the Succession of Wentworth contended that E.C. Wentworth had "never occupied the position of [unit] operator" of the Allen well and that "David New Operating Co., Inc. (formerly H & N Operating Company, Inc.)" was the operator during all periods of production. Thus, the Succession of Wentworth argued, "any cause of action relative to any alleged accounting claim ... should be directed to David New Operating Co., Inc." In its exception pleading the objection of prescription, the Succession of Wentworth contended that the Taylors' claim for an accounting was based upon an alleged conversion and, thus, was subject to a one year liberative prescriptive period.
By judgment dated December 16, 1991, this matter was transferred to the Nineteenth Judicial District Court due to the addition of the Louisiana Department of Natural Resources, through the Office of Conservation, as a third party defendant. See LSA-R.S. 30:12.
On September 18, 1992, the Nineteenth Judicial District Court heard arguments on the motion for summary judgment and the exception pleading the objection of prescription. By judgment dated October 2, 1992, the trial court maintained the exception pleading the objection of prescription, finding that a one year prescriptive period was applicable, and granted the motion for summary judgment.
The Taylors then filed a Motion for New Trial and/or to Reopen Suit Record. The trial court granted the Taylors' motion, limited to argument on the exception pleading the objection of prescription, and reversed its earlier ruling, thus denying the Succession of Wentworth's peremptory exception pleading the objection of prescription, after finding that the appropriate prescriptive period was ten years.
The Taylors then filed the instant appeal of the trial court's granting of summary judgment in favor of the Succession of Wentworth. The Succession of Wentworth answered the appeal, alleging that the trial court erred in denying its exception of prescription.

SUMMARY JUDGMENT
Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d *1311 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether all material issues have in fact been disposed of, any reasonable doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577, 583 (La. 1989); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Duncan v. Balcor Property Management, 615 So.2d 985, 988 (La.App. 1st Cir.), writ denied, 617 So.2d 936 (La. 1993).
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
The Taylors' cause of action for an accounting is based upon LSA-R.S. 30:10 A(3), which provides:
If there is included in any unit created by the commissioner of conservation one or more unleased interests for which the party or parties entitled to market production therefrom have not made arrangements to separately dispose of the share of such production attributable to such tract, and the unit operator proceeds with the sale of unit production, then the unit operator shall pay to such party or parties such tract's pro rata share of the proceeds of the sale of production within one hundred eighty days of such sale.
In an earlier appeal in this case, the Louisiana Supreme Court recognized that this statute allows unit operators to sell production on behalf of unleased interest owners, and, as such, limits the unleased interest owner's action to recover his share of proceeds to one solely against the unit operator. Taylor v. Woodpecker Corporation, 562 So.2d 888, 892 (La.1990). Thus, the identity of the operator is a critical issue in this case.
In its motion for summary judgment, the Succession of Wentworth alleged that E.C. Wentworth had never been the operator of the Allen well, and therefore, the Succession of Wentworth should be dismissed from plaintiffs' action for an accounting.
In support of its motion for summary judgment, the Succession of Wentworth filed several documents, including the affidavits of Wedon T. Smith, Judge Leo Boothe and James C. Wentworth. These affidavits set forth that "Smith-Wentworth" was designated as the operator to casing point and that after casing point was reached, operations were taken over by H & N Operating Co., Inc. (H & N), which completed and equipped the well and began production. The affidavits further provide that in 1983, H & N changed its name to David New Operating Co., Inc. (David New) and that David New continues to serve as operator of the well.
However, the Office of Conservation's well file reflects that the initial permit to drill issued in 1979 by the Office of Conservation designated "Smith-Wentworth" as operator. The file also contains other documents showing both Smith-Wentworth and H & N as operator. Also, the original drilling permit was not amended until August 15, 1983, to change the designated operator from Smith-Wentworth to David New.
Moreover, the Taylors submitted the affidavit of John Aldridge, the chief engineer of the Office of Conservation, who stated that under applicable procedures of the Office of Conservation, a company, individual or entity designated as the operator on the Permit to Drill for Minerals is considered the operator by the Office of Conservation. He further stated that the Office of Conservation holds the officially designated operator responsible in administrative enforcement actions, until a change of operatorship is effected.
Considering the foregoing, we find that the trial court erred in finding that no genuine issue of material fact exists as to the identity of the operator from first production until August 15, 1983, when the permit to drill was amended to name David New as the official *1312 operator in place of Smith-Wentworth. The Succession of Wentworth argues in brief that "any designation on any permit or report that the operator was `Smith-Wentworth' is totally outweighed by the overwhelming evidence of what the true operational status was and is." However, such a weighing of conflicting evidence is not appropriate in summary judgment. MVG v. Lucas, 590 So.2d 1322, 1323 (La.App. 1st Cir.1991). Moreover, we note that although the Succession of Wentworth submitted several affidavits to establish that David New was in fact the actual operator of the Allen well, it did not submit an affidavit from a representative of David New to substantiate this claim.
Thus, on the record before us, we find that a genuine issue of material fact remains as to the identity of the well operator and that the trial court erred in granting summary judgment in favor of the Succession of Wentworth. See Taylor v. Smith, 619 So.2d 881, 884-885 (La.App. 3rd Cir.), writ denied, 625 So.2d 1038 (La.1993).
Accordingly, we reverse the trial court's judgment granting summary judgment in favor of the Succession of Wentworth.

EXCEPTION PLEADING THE OBJECTION OF PRESCRIPTION
In its answer to the Taylors' appeal, the Succession of Wentworth contends that the trial court erred in overruling its peremptory exception pleading the objection of prescription.
The Succession of Wentworth argues that the Taylors' cause of action was based upon an alleged conversion and, thus, was governed by the liberative prescription of one year. Thus, the Succession of Wentworth avers, any claim for an accounting against the Succession is prescribed, as any claim against E.C. Wentworth would have accrued in 1983 (assuming for purposes of argument that E.C. Wentworth was in fact operator until 1983, when David New was named operator of the well).
The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. Starns v. Emmons, 538 So.2d 275, 277 (La.1989); Doucet v. Lafourche Parish Fire Protection District No. 3, 589 So.2d 517, 519 (La.App. 1st Cir.1991).
As the record shows, this lawsuit was not filed until May 16, 1986. In their petition, the Taylors prayed for judgment in their favor, ordering E.C. Wentworth to make a full accounting from first production of all production allocable to their land in Unit 71B, and for payment of an amount equal to the value of all oil and gas production allocable to their land.
We do not agree with defendant that the Taylors' cause of action is based upon conversion. In Taylor v. Smith, 619 So.2d at 881 and Taylor v. David New Operating Company, Inc., 619 So.2d 1251 (La. App. 3rd Cir.), writ denied, 625 So.2d 1046 (La.1993), cases involving the same plaintiffs and well involved in the instant case, the Third Circuit Court of Appeal addressed the issue of classification of an action for accounting by unleased landowners in determining the appropriate prescriptive period. As noted by the court, the Taylors' claim cannot be appropriately classified as an action in conversion, as LSA-R.S. 30:10 A(3) affords the operator a legal right to take and sell the unleased owner's proportionate share of production. Thus, the sale of production from the well does not constitute a wrongful taking or conversion. Taylor v. Smith, 619 So.2d at 888; Taylor v. David New Operating Company, Inc., 619 So.2d at 1256; see also Taylor v. Woodpecker Corporation, 562 So.2d at 891.
In concluding that an action for an accounting by an unleased landowner was quasi contractual and, thus, subject to a liberative prescription of ten years, the Third Circuit stated, as follows:
In a situation, as in this case, where there is no written agreement between the owner and operator, LSA-R.S. 30:10(A)(3) has supplied the terms of the contract. Essentially, the operator is entitled to sell the owner's proportionate share of production, but the operator must pay the owner within 180 days of the sale or [be] found to be *1313 in breach of the statutory authorization to sell expressly set out in LSA-R.S. 30:10(A).
Taylor v. Smith, 619 So.2d at 887; Taylor v. David New Operating Company, Inc., 619 So.2d at 1255.
The Civil Code provides the statutory foundation for quasi contracts, in articles 2292 et seq. LSA-C.C. art. 2292 provides, in part, as follows:
Certain obligations are contracted without any agreement, either on the part of the person bound, or of him in whose favor the obligation takes place.
Some are imposed by the sole authority of the laws, others from an act done by the party obliged, or in his favor.
Quasi contracts are defined in LSA-C.C. art. 2293, which provides, as follows:
Quasi contracts are the lawful and purely voluntary act of a man, from which there results any obligation whatever to a third person, and sometimes a reciprocal obligation between the parties.
LSA-C.C. art. 2294 provides:
All acts, from which there results an obligation without any agreement, in the manner expressed in the preceding article, form quasi contracts. But there are two principal kinds which give rise to them, to wit: The transaction of another's business, and the payment of a thing not due.
We agree that LSA-R.S. 30:10 A(3) gives an unleased landowner a cause of action in quasi contract under these Civil Code articles. The unit operator acts as a negotiorum gestor or manager of the owner's business in selling the owner's proportionate share of oil and gas produced. In return for the right to sell the share of production of the unleased landowner, the unit operator is obligated by law "without any agreement" to pay the unleased landowner his proportionate share of proceeds within 180 days of the sale of production. The "purely voluntary act" of assuming the position of unit operator, and thereby obtaining the right to sell the unleased interest owner's share of production, results in this obligation to account to the unleased interest owner pursuant to LSA-R.S. 30:10 A(3). See Taylor v. Smith, 619 So.2d at 887; Taylor v. David New Operating Company, Inc., 619 So.2d at 1255.
We conclude that, pursuant to LSA-R.S. 30:10 A(3), the Taylors' cause of action against the unit operator for an accounting due to the operator's alleged breach of his statutory obligation to pay, is quasi contractual in nature. Thus, the Taylors' cause of action is subject to a liberative prescription of ten years, as provided in LSA-C.C. art. 3499.
For these reasons, we find no error in the trial court's denial of the prescription exception filed by the Succession of Wentworth.

CONCLUSION
Based upon the foregoing, the trial court's judgment denying the Succession of Wentworth's exception of prescription is affirmed. However, the trial court's judgment granting summary judgment in favor of the Succession of Wentworth and dismissing the Taylors' suit is reversed, and this matter is remanded for further proceedings.
Costs of this appeal are assessed against defendant, the Succession of E.C. Wentworth.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
NOTES
[1] John Marvin Taylor died on June 12, 1986. John M. Taylor, Jr. and Frank Scott Taylor were substituted as parties plaintiff for the decedent. E.C. Wentworth also died during the pendency of these proceedings. An answer was filed by J.W. Seibert, III, the ancillary testamentary executor of the Succession of E.C. Wentworth.
[2] The basic facts giving rise to this litigation and a detailed discussion of the procedural history of this case are set forth in Taylor v. Woodpecker Corporation, 562 So.2d 888 (La.1990), and will not be repeated herein.