676 So.2d 790 (1996)
Belinda MADDEN, wife of/and Stephen A. Madden, individually and on behalf of their deceased son, Ryan Madden and their minor son, Stephen Madden
v.
Roger S. BOURGEOIS, Liberty Mutual Fire Insurance Company, the Travelers Insurance Company, Enterprise Leasing of New Orleans, the City of Mandeville, Pat Canulette in his capacity as Sheriff of the Parish of St. Tammany, World Omni Leasing, Inc., and JKL Insurance Company, the City of Mandeville [sic].
No. 95 CA 2354.
Court of Appeal of Louisiana, First Circuit.
June 28, 1996.
*791 Roger D. Marlow, Stephen A. Mogabgab, Covington, for Defendant/Third-party Plaintiff/Appellee, Pat Canulette.
L. Lane Roy, Andrew H. Meyers, Lafayette, for Third-party Defendant/Appellant, International Insurance Company.
Before LeBLANC, FOIL and FOGG, JJ.
LeBLANC, Judge.
The issue presented in this appeal is whether the St. Tammany Parish Sheriff's Department was a volunteer of the City of Mandeville during the Sesquicentennial Celebration and, therefore, is afforded liability coverage by the city's insurer.

FACTS
On March 25, 1990, events were held to commemorate the City of Mandeville's Sesquicentennial Celebration. Belinda Madden and her two minor children, Ryan and Stephen, attended the parade. After the parade, Roger Bourgeois backed a vehicle, which he had leased from Enterprise Leasing Company, out of a parking space and struck Belinda, Ryan and Stephen. Belinda was seriously injured, Stephen was slightly injured, and Ryan was killed.
Suit was filed by Belinda and her husband Stephen, each individually and on behalf of their sons, Ryan and Stephen, naming as defendants Bourgeois, Bourgeois' automobile liability insurer, the Madden's automobile liability insurer, the leasing company, the leasing company's insurer, and the City of Mandeville. In supplemental and amending petitions, plaintiffs also named as defendants, among others, Pat Canulette (Canulette), in his capacity as St. Tammany Parish Sheriff, and the St. Tammany Parish Sheriff's Department.
Canulette filed a third party demand, naming International Insurance Company (International), insurer of the City of Mandeville, as third party defendant. Canulette's petition asserted he was an additional insured under the terms of the policy of insurance issued by International, and he was entitled to insurance coverage and costs.[1] International denied coverage asserting the policy issued to the city does not provide coverage to Canulette, in his capacity as St. Tammany Parish Sheriff.
Canulette filed a motion for summary judgment, seeking judgment declaring the St. Tammany Parish Sheriff's Department an insured under the city's policy. International also filed a motion for summary judgment, seeking dismissal of Canulette's third party demand.
*792 By stipulation, both motions for summary judgment were considered and taken under advisement. A judgment was rendered granting Canulette's motion for summary judgment, finding the St. Tammany Parish Sheriff's Department an additional insured and covered by the city's policy, and denying International's motion for summary judgment. International moved for a new trial, which was denied, and International appealed.

LAW AND DISCUSSION
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The mover has the burden of establishing the absence of material fact issues, and any doubt as to the existence of such fact issues is to be resolved against granting the motion. Wilson v. H.J. Wilson Co., Inc., 492 So.2d 54, 56 (La.App. 1st Cir.), writ denied, 496 So.2d 355 (1986). Appellate courts review summary judgment de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate., Taylor v. Woodpecker Corp., 93-0781, p. 4 (La.App. 1st Cir. 3/11/94), 633 So.2d 1308, 1311.
Interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. Alford v. Kaiser, 589 So.2d 546, 548 (La.App. 1st Cir. 1991), writ denied, 594 So.2d 893 (1992).
The facts of this case are not in dispute. The only issue is whether the St. Tammany Parish Sheriff's Department is an additional insured provided coverage under the terms of the policy issued by International.
The policy issued by International lists the named insured as "City of Mandeville" and provides general liability coverage which will "pay those sums the Insured must legally pay, or the Named Insured has contracted to pay, for: -damages, direct or consequential; and -expenses." Nowhere in the policy is Canulette or the St. Tammany Parish Sheriff's Department named as an insured. The policy also contains a list of common policy definitions. "The Named Insured" is defined as:
`[A]n Insured' and `an Insured's' means the Named Insured. They may also mean:
1 Any official, trustee, director, officer, employee or volunteer of the Named Insured while acting within the scope of his duties....
The definition of "Named Insured" is extended to include, in addition to the City of Mandeville, a volunteer of the city, while acting within the scope of his duties. Although "volunteer" is not defined anywhere in the policy, when the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Alford v. Kaiser, 589 So.2d at 548.
Volunteer is defined as "[a] person who gives his services without any express or implied promise of remuneration." Black's Law Dictionary 1576 (6th ed. 1990). Webster's definition of volunteer includes "where one renders a service without any express or implied agreement for compensation." Webster's Third New International Dictionary 2564 (3rd ed. 1993).
The question of reward, payment or remuneration has been the primary and controlling issue in determining if an individual is a volunteer. In Krueger v. Iowa Rails to Trails, Inc., 435 N.W.2d 391, 392 (Iowa Ct. App.1988), the court found Krueger was a paid employee and, therefore, could not be considered a "volunteer", notwithstanding his employer was a volunteer organization. See also Scottsdale Jaycees v. Superior Court of Maricopa County, 17 Ariz.App. 571, 499 P.2d 185, 188 (1972).
The record supports the trial court's application of this "remuneration" criteria. The record includes a copy of the letter from the Mandeville Chief of Police to the St. Tammany Parish Sheriff, officially requesting help from the department assisting with traffic and crowd control. The letter merely expresses appreciation from the Chief of *793 Police for "any help", with no reference to or implication of remuneration or payment to the Sheriff or the department. Mandeville Mayor Paul R. Spitzfaden testified by deposition that the Mandeville Chief of Police was in charge of law enforcement activities for the Sesquicentennial event, and specifically requested assistance from the St. Tammany Parish Sheriff's Department for help with the parade. In addition, an affidavit by Lieutenant Colonel William H. Dobson of the St. Tammany Parish Sheriff's Department, states the "materials and man power from the St. Tammany Parish Sheriff's Office were provided voluntarily to the City of Mandeville, and the St. Tammany Parish Sheriff's Office, nor any of its officers, received any compensation from the City of Mandeville for providing the requested services." With no compensation or payment for the services offered, we find Canulette and the Sheriff's Department clearly fall within the obvious meaning and intent of "volunteer". Canulette gave his and the department's services without any express or implied promise of remuneration.
Therefore, we affirm the trial court's granting of summary judgment in favor of Canulette, finding no genuine issue of material fact and finding coverage for the St. Tammany Parish Sheriff's Department as an additional insured under the general liability section of the policy issued by International to the City of Mandeville.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, International Insurance Company.
AFFIRMED.
NOTES
[1] Plaintiffs subsequently supplemented their petition to name International as a defendant in their main demand.