693 So.2d 1294 (1997)
Daniel J. NAIL
v.
GERMANIA PLANTATION, INC.
No. 96 CA 1602.
Court of Appeal of Louisiana, First Circuit.
May 9, 1997.
Concurring Opinion May 27, 1997.
*1295 Richard J. Brazan, Jr., Vacherie, for Plaintiff-Appellee.
Penrose C. St. Amant, Gonzales, for Defendant-Appellant.
Before SHORTESS, KUHN and FITZSIMMONS, JJ.
Concurring Opinion of Judge Fitzsimmons, May 27, 1997.
SHORTESS, Judge.
This appeal challenges the trial court's partial summary judgment that awarded plaintiff, Daniel J. Nail, attorney fees and expenses for the legal services he performed on an open account for defendant, Germania Plantation, Inc. Defendant claims plaintiff overcharged it. These are the facts surrounding plaintiff's representation of defendant.
Defendant intended to sell one of its plantations, and its shareholders considered accomplishing two objectives, a tax-saving exchange of immovable property (an exchange under section 1031 of the Internal Revenue Service Code), and a partial reorganization, through a single transaction. Defendant hired plaintiff to represent it in this proposed transaction, specifically as general counsel to the corporation. Plaintiff coordinated and conveyed information between defendant's shareholders, a tax attorney, and a certified public accountant. He drafted documents and met with shareholders, bank officers, and IRS officials.
The shareholders retained their own personal counsel. They asked the trial court to establish a special committee to manage all corporate monies realized from the plantation sale. Plaintiff coordinated information between the special committee and defendant's board of directors. The shareholders agreed if the requirements of the reorganization plan were not met, then monies from the sale would be distributed after existing debts were paid. Ultimately, the shareholders decided not to attempt the exchange and proceeded to pay defendant's existing debts. This required a tableau of distribution that included its various creditors, one of whom was plaintiff. The trial court advised that the shareholders should provide a list of those debts they wished to pay.
Defendant fired plaintiff in June 1993. Earlier in 1993, the shareholders objected to many of the debts, including plaintiff's charges. The trial court tried to facilitate a mutually agreeable settlement between the shareholders and defendant's creditors, including plaintiff. At a shareholder's meeting immediately prior to the trial court's ruling on the fourth amending petition for partial tableau of distribution, the shareholders allegedly voted unanimously to pay the full amount of plaintiff's outstanding invoices from corporate funds under the special committee's and the trial court's control. Plaintiff also argues that after a private hearing between the trial judge and certain shareholders, a proposal to pay him 60% of his attorney fees was authorized by the trial court, but plaintiff retained the right to sue for the remaining balance. Defendant paid plaintiff $22,716.05,[1] but plaintiff believed he was entitled to more money so he sued defendant on October 7, 1993. He listed his total charges as $47,286.06 and subtracted defendant's partial payment of $22,716.05. The remainder equaled $24,560.01. Plaintiff filed a motion for summary judgment in March 1994, arguing that there was no genuine issue of material fact over defendant's obligation to pay the remainder, and that the trial court should award him the balance as a matter of law. Plaintiff attached copies of his statement of account and an affidavit from his secretary who said she was familiar *1296 with defendant's account and attested to the accuracy of the remaining balance. He also attached his own affidavit attesting to the accuracy of the $24,560.01 balance. Douglas S. Hayward, defendant's president, attached his own affidavit in opposition to the summary judgment motion. The affidavit disputed both the quantity and quality of plaintiff's charges for legal services. The trial court denied plaintiff's motion for summary judgment in May 1994.
In July 1994, the first trial judge recused himself from the case after plaintiff indicated he might depose the judge about his role in the above 60% agreement. A second trial judge accepted the case, and in June 1995, plaintiff filed another motion for a partial summary judgment. Plaintiff's memorandum in support of his motion summarizes various charges plaintiff claims are undisputed. He also attached another affidavit giving detailed descriptions of many charges. He again contended there was no material issue of fact over the "undisputed portion" of his bill, and he asked the trial court to award him $17,961.42, a sum that included his paralegal's expenses, his office and travel expenses, and his attorney fees, at that time. Defendant objected, noting that many of the amounts listed in plaintiff's exhibits were questionable because they were not documented or explained adequately, that they might not be directly attributable to plaintiff's representation of defendant as its general counsel, and that the office and travel expenses could not be verified for accuracy. Defendant filed an answer to interrogatories and a supplemental answer to interrogatories disputing several charges. Douglas Hayward also attached another affidavit specifically disputing many of plaintiff's charge rates for photocopies and faxes, other out-of-pocket charges, and attorney fees. In short, defendant contended it had no way of determining whether plaintiff's charges were reasonable.
The parties argued the issue before the second trial judge. He granted plaintiff's motion in March 1996, and awarded a net sum of $18,767.12 to plaintiff. This amount represented $20,999.70[2] attorney fees, $673.66[3] out-of-pocket expenses, $238.87 fees for Kermit Williams and Caballero Planting Company, $1,121.14 more out-of-pocket expenses, and $18,449.80[4] more attorney fees, less the $22,716.05 already paid.[5] The second trial judge stated plaintiff was entitled to his attorney fees at $125 an hour, and his actual phone, postage, travel, fax, and photocopy expenses, but not an award for paralegal charges. He also indicated in his supplemental written reasons that plaintiff was entitled to all fees in connection with work on the aborted property exchange.[6]
Defendant's sole assignment of error on appeal argues the trial court erred by granting a partial summary judgment over attorney fees and expenses the trial court knew defendant disputed. A summary judgment, defendant maintains, should not decide this issue because defendant still questions the "reasonableness of the amount[s] billed under all of the circumstances," and wonders whether many of the charges are for services plaintiff rendered to third parties (e.g., the individual stockholders) rather than the corporation. Additionally, defendant argues it continues to dispute the number of hours billed since "plaintiff has billed defendant for hours exceeding 8 hours per day on numerous *1297 occasions," and many times in excess of twelve hours, without adequate explanation.
This court reviews the record de novo under the same criteria the trial court did when it considered the appropriateness of the partial summary judgment. Madden v. Bourgeois, 95-2354, p. 3 (La.App. 1st Cir. 6/28/96), 676 So.2d 790, 792. When this dispute occurred, Louisiana law discouraged summary judgments. However, in 1996 the Louisiana Legislature amended article 966, the Civil Code of Procedure article governing summary judgments. The new version became effective May 1, 1996, and now instructs that summary judgments are "designed to secure the just, speedy, and inexpensive determination of every action" (except those disallowed by article 969). They are now favored and "shall be construed to accomplish these ends." Since the amended version is a procedural change, we should retroactively apply it to this case. La C.C. art. 6; Short v. Giffin, 96-0367, p. 5 (La.App. 4th Cir. 8/21/96), 682 So.2d 249, 253, writ denied, 96-3063 (La.3/7/97) 689 So.2d 1372; NAB Natural Resources, L.L.C. v. Willamette Indus., 28,555, p. 3 (La.App.2d Cir. 8/21/96), 679 So.2d 477, 479.
Though article 966 now encourages summary judgments, it does not change the burden of proof required for summary judgment proceedings. The burden of proof remains on the mover, plaintiff here, to show, through affidavits based on personal knowledge, depositions, or answers to interrogatories, "that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B), 967. Only after the mover has reached this standard may the court render a summary judgment against "an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C). Thus, even under amended article 966, if the party opposing the motion can allege specific facts showing genuine issues of fact remain for trial, this court must still reject summary judgment. Short, 682 So.2d at 253.
Here, defendant's affidavit disputes the accuracy and quantity of plaintiff's charges, especially the attorney fees. There is a genuine issue of material fact over whether plaintiff charged defendant for services rendered to and for third parties (e.g., the individual shareholders). Defendant is also entitled to have plaintiff justify all charges that seem extravagant. We cannot tell from the record if defendant had an opportunity to question plaintiff about his charges. The doubt over whether plaintiff's charges are reasonable creates, in our view, genuine issues of material fact.
Therefore, we reverse and remand for further proceedings that portion of the trial court's partial summary judgment that awarded $18,449.80 attorney fees. That portion presumably represents most fees not covered by the 60% agreement. We affirm the following portions: $673.66 and $1,121.14 out-of-pocket expenses, $20,999.70 attorney fees, and $238.87 fees for Kermit Williams and Caballero Planting Company. Costs of this appeal are taxed to plaintiff.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
FITZSIMMONS, J., concurs and assigns reasons.
FITZSIMMONS, Judge, concurring.
I respectfully concur with the decision reached in this matter. There is a genuine issue of material fact over whether plaintiff charged defendant for services rendered to third parties. Additionally, there is a material issue regarding the reasonableness of fees.
I cannot, however, adopt the majority's discussion of the current burden to prove entitlement to summary judgment. The court relies on a decision that pre-dated the 1996 legislative amendment of the summary judgment procedural article. See Penton v. Clarkson, 93-0657; 633 So.2d 918, 922 (La. App. 1st Cir. 1994). Pursuant to the current applicable code requirement, I do not agree that summary judgment is warranted "[o]nly when reasonable minds must inevitably conclude that plaintiff is entitled to judgment as *1298 a matter of law...." It is submitted that this condition did not survive the amendment.
NOTES
[1] We cannot tell from the record whether this amount is 60% of plaintiff's bill for attorney fees. This amount could represent a partial payment on an earlier bill. The partial summary judgment grants plaintiff $20,999.70 in part, and refers to that amount as "sixty percent of the bill awarded by Judge Holdridge together with legal interest from date due until paid."
[2] The partial summary judgment indicates this amount represents 60% of the bill awarded by Judge Guy Holdridge. If this amount represents 60% of the total bill for attorney fees, the record does not explain what the previous partial payment of $22,716.05 represents.
[3] The partial summary judgment also indicates this amount represents 60% of the bill for out-of-pocket expenses.
[4] This amount of attorney fees apparently includes the remaining 40% not awarded by Judge Guy Holdridge.
[5] We found a short explanation of these amounts in plaintiff's pre-judgment exhibit (letter) to the trial court. The partial summary judgment adopts every proposed sum in this exhibit.
[6] The record contains some discussion over whether plaintiff "earned" his fees on the property exchange since the shareholders decided not to attempt the exchange. The judge in his supplemental reasons concludes that an attorney earns a fee if he performs services in good faith, regardless if the specific outcome sought by the client is not realized.