JjEdward A. de la HOUSSAYE, III, J. Pro Tern.,
dissenting.
In this case, plaintiffs slip-and fall action was dismissed on a motion for sum *914 mary judgment filed by the defendant, Schwegmann Giant Supermarkets, Inc. (Schwegmann). Plaintiff appeals and makes the following assignments of error:
1. The trial court erred in holding that a grocery store cannot negligently act in concert with one of its customers to create an unreasonable risk of injury under LSA-R.S. 9:2800.6(B).
2. The trial court failed to hold that the record did not eliminate the possibility of Schwegmann’s liability to plaintiff-appellant under R.S. 9:2800.6. ■
3. The trial court failed to hold that there was a genuine issue as to material fact as to whether or not defendant-appellee had created the hazardous condition encountered by defendant-appellee, by setting out an unsupervised open container of Krab Meat Salad, without taking any precautions to either eliminate or minimize predictable customer spills or droppage of the Krab Salad onto the floor in the immediate vicinity.
4. The trial court failed to hold that there was a genuine issue as to material fact as to whether or not defendant-appellee had failed to exercise reasonable care, specifically for not having any uniform, mandatory, non-discretionaory [sic] clean up and safety procedures in place, so as to discover such a hazardous condition as encountered by plaintiff-appellant, namely the portion of Krab Meat Salad on the store’s floor.
Our appellate review of the propriety of the granting of Schwegmann’s motion for summary judgment is a de novo review utilizing the same criteria that govern a trial court’s consideration of the appropriateness of summary judgment. Coleman v. Wal-Mart Stores, Inc., 98-0124, p. 5 (La.App. 1st Cir.11/06/98); 721 So.2d 1068, 1071; Genusa v. Dominique, 97-0047, p. 5 (La.App. 1st Cir.2/20/98); 708 So.2d 784, 788. Under LSA-C.C.P. art. 966, a motion for summary judgment [ 2should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Although summary judgments are now favored in the law, the burden of proof remains with the mover. See Nail v. Germania Plantation, Inc., 96-1602, p. 5 (La.App. 1st Cir.5/9/97); 693 So.2d 1294, 1297. Because I find that issues of material fact remain, I cannot agree with the majority opinion which affirms the summary judgment in favor of Schwegmann.
Because the accident in question occurred in 1994, we must look to the law in effect at that time; LSA-R.S. 9:2800.6 provided:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; and
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence; and
(3)The merchant failed to exercise reasonable care.
C. Definitions:
*915 (1) “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.
1 aThis statute sets up two alternative ways in which a merchant can be liable for a slip and fall: (l)the merchant creates the hazardous condition; or (2)the merchant has actual or constructive knowledge of the hazardous condition. The majority opinion rejects out-of-hand the possibility that Schwegmann created the hazardous condition which resulted in plaintiffs slip and fall, merely because a Schwegmann employee did not directly place the Krab Salad, in which plaintiff slipped, onto the floor. And since plaintiff is unable to show the length of time the Krab Salad was on the floor prior to the accident as required by White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La.9/9/97); 699 So.2d 1081, 1084-85, to establish constructive notice on the part of Schwegmann, ■ the majority finds Schwegmann successfully bore its burden to prove the lack of a material issue of fact.
Jurisprudence reflects that a merchant can create a hazard without an employee directly placing a substance on the floor; ie., by displaying items in such a way that a hazardous substance will foreseeably fall onto the floor. See Stewart v. Winn Dixie Louisiana, Inc., 96-599, p. 11 (La.App. 5th Cir.12/11/96); 686 So.2d 907, 913; Saucier v. Kugler, Inc., 628 So.2d 1309, 1313-14 (La.App. 3rd Cir.1993). In Stewart, the court held that the store created a hazardous condition by displaying eggs underneath a canned biscuit display, knowing that the cans sometimes fell onto the eggs. The defendant store was found liable to the plaintiff who slipped and fell in eggs on the floor, caused by such an occurrence. In Saucier, the court affirmed a trial court finding that the store either created the condition or had notice of it, where a lemon on the floor of the produce department caused plaintiffs fall. The Saucier court stated, “the evidence in this case preponderantly shows that the lemons were stacked in a dangerous manner in the produce aisle .... ” The court further noted that “[t]he fruit would often roll off of the shelf and onto the floor .... ” The appellate court concluded, “[plaintiff] has [¿proven that Super Value created a condition which presented an unreasonable risk of harm.... ”
Similarly, the instant record presents an issue of material fact regarding whether Schwegmann created the hazardous condition by leaving an open container of Krab Salad under circumstances in which it was foreseeable that it would be dropped onto the floor. The testimony Sehwegmann’s seafood department supervisor, Michael J. Branch, testified by deposition that: Krab Salad was sold in his department in sealed containers; the seafood department occasionally placed an open container of Krab Salad onto the counter with “some napkins ... some plastic spoons and ... some little cups” for customers to sample; there was no particular procedure for this activity; there was no supervision of the sampling by customers; customers spilled samples several times per day; and that the color of the floor was similar to that of the Krab Salad making it difficult to see on the floor. Schwegmanh’s loss prevention officer, Henry O. Baxter, testified by deposition that there was no store policy or procedure in place for periodic inspection of the floors. Additionally, the affidavit of a safety expert, Michael Frenzel, was introduced by plaintiff. Mr. Frenzel stated, “Schwegmann’s [sic] failed to exercise reasonable care in creating the Krab salad floor hazard through the foreseeable and highly predictable customer participation in the above described sampling process, which participation was through specific *916 invitation by Schwegmann in an open container sampling process wholly established by Schwegmann.... ” (Emphasis original.)
At the very least, this testimony raises a question of fact as to whether Schweg-mann created the condition at issue; therefore, summary judgment in 1 «¡Schwegmann’s favor was inappropriate.[1]
For these reasons, I respectfully dissent.

. We are familiar with Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La.4/13/99); 733 So.2d 1188. However, we do not find it to be controlling in the instant case as it is factually dissimilar.