hAMY, Judge.
This case arises from an insurance coverage dispute stemming from an automobile accident. Specifically, the issue is whether the defendant driver was exclud *587 ed from coverage on his wife’s insurance policy. The trial court found that the defendant driver was not excluded from coverage at the time of the accident. The insurer appeals. For the following reasons, we affirm the trial court’s judgment.
Factual and Procedural Background
On July 27, 1999, Frank Bailey, Sr. was driving a car owned by his wife, Pearlie Edwards Bailey. According to the record, Mr. Bailey struck another car driven by Thomas Carter. Carter and his wife, Cel-estine Carter, who was also an occupant of the car, testified that they saw the Bailey vehicle coming up out of the ditch. The plaintiffs assert that as the Carter vehicle approached Mr. Bailey’s car, Mr. Bailey crossed over onto Carter’s side of the road striking the Carter vehicle. Notably, Mr. Bailey testified that it was Carter that crossed over onto the wrong side of the road. However, the trial judge found Bailey to be one hundred percent liable for the accident. Carter’s child and two grandchildren were also occupants of his car.
Pearlie Edwards[1] is the named insured on the insurance policy. Pearlie signed a statement on December 24, 1998 naming Mr. Bailey as an excluded driver. However, the focal dispute arises over whether this named driver exclusion applies to the policy in effect at the time of the July 27, 1999 accident. It is apparent from the record that due to periods of nonpayment, the policy or policies at different times bore various policy numbers.[2] The trial judge found that the policy in effect at the 1 atime of the accident did not include the named driver exclusion. Thus, the trial judge awarded general and/or special damages to each of the plaintiffs. Additionally, Illinois National Insurance Company was awarded $3,304.00 for payments made as the uninsured/underinsured motorist carrier for Thomas Carter. All damages were cast against Frank Bailey, Sr. and Imperial Fire & Casualty Insurance Company.
Imperial now appeals, arguing in its brief that the trial judge erred in:
Failing to enforce the named driver exclusion executed in connection with the issuance of the policy of automobile liability insurance by IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY to Pearlie Edwards and finding the named driver exclusion did not preclude coverage for the negligence or fault of FRANK BAILEY.
Discussion
The insurer contests the trial court’s determination that the exclusion was inapplicable to the policy in effect at the time of the car accident. The named driver exclusion executed December 24, 1998 reads as follows:
EXCLUSION OF NAMED DRIVER ENDORSEMENT
This endorsement forms a part of Policy/Binder No. IFC1384715-9 issued to Pearlie Edwards by the IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY and is effective from 12-24-98 at ___ a.m./p.m. Standard Time.
This endorsement forms a part of the policy to which it is attached, effective *588 from its date of issue unless otherwise stated herein.
It is agreed that as of the effective date of this policy is amended in the following: In consideration of the premium charged, it is hereby agreed and understood that no coverage shall be afforded while the insured’s vehicle(s) is being driven by Frank A. Bailey.
lsIt is further agreed and understood that this exclusion endorsement does not apply to Uninsured Motorist coverage. All other terms and conditions of this policy remain unchanged.
s/Pearlie Edwards Signature of named insured s/Amy (last name not legible) Witnessed by
Producing broker/agent representative s/Bobby Dupre Company’s authorized agent

This exclusion is not effective until the company completes this exclusion request and returns to the insured a copy signed by an authorized representative of the company.

Again, the question presented is whether this exclusion applies to the policy in effect at the time of the accident. At the time of the accident, the policy providing applicable coverage was numbered IFC1407017-8. The trial judge explained that:
The court also notes that the named-driver endorsement by its own terms says that it forms a part of a policy number which was not the policy number at the time of the accident, and it does not state that it would apply to any reinstated policies or policies in the future that have a different number.
The court holds that under the facts and circumstances of this matter, that the endorsement effective December, 1998 did not apply to the policy in force and effect when this accident took place and therefore, the policy did cover Mr. Bailey’s actions on the date of this accident.
“Interpretation of an insurance contract is usually a legal question.” Minor v. Casualty Reciprocal Exchange, 96-2096, p. 3 (La.App. 1 Cir. 9/19/97); 700 So.2d 951, 953, writ denied, 97-2585 (La.12/19/97); 706 So.2d 463. See also, Madden v. Bourgeois, 95-2354 (La.App. 1 Cir. 6/28/96); 676 So.2d 790. Consequently, the role of the appellate court in reviewing questions of law is to determine whether the trial court was “legally correct or legally incorrect.” Minor, 96-2096, p. 3; 700 So.2d 951, 953.
| imperial explains that the changing of the policy number is consistent with company policy. Additionally, Imperial presented evidence that indicates that Pearlie had periods of nonpayment for which no coverage was applicable. When payment was subsequently made, Imperial would change the policy number and reinstate coverage with a lapse in coverage between the time when the policy expired and payment was subsequently made. Scott Pitre, Imperial’s General Manager, testified as follows:
Q Such that if a premium was not paid by Mrs. Pearlie Edwards prior to December 16, 1998, and an accident happened on December the 23rd, that accident is not covered; is it?
A Correct.
Q She has no coverage whatsoever under this policy, this original policy, for that accident?
A That’s correct.
[[Image here]]
*589 Q And if the insured does not pay the premium within Imperial system, that policy lapses, doesn’t it?
A Expires, correct.
Q Expires. It’s dead; isn’t it?
A Correct.
[[Image here]]
Q And that original policy which lapsed on December 16 of 1998; correct?
A Right.
Q That is the policy number that Imperial Exhibit Number Two is identified with insofar as the excluded driver; isn’t it?
A Correct.
|hQ So, as of December 17, 1998, the policy to which this exclusion applied, lapsed, and was dead; it expired?
A Correct.
Q It was no longer in existence?
A Sixteenth actually, correct.
Regardless of the company’s standard practice of issuing a new policy number, it is clear that the policy in effect at the time of the accident was policy number IFC1407017-8, but that the exclusion plainly states it is a part of policy number IFC1384715-9. La.Civ.Code art.2046 states that “[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” Additionally, this court has held that “[wjhere the language of a contract is clear and unambiguous, it must be interpreted solely by reference to the four corners of the document.” Woolf & Magee v. Hughes, 95-863, p. 5 (La.App. 3 Cir. 12/6/95); 666 So.2d 1128, 1130 (emphasis omitted), writ denied, 96-0073 (La.3/15/96); 669 So.2d 427. The wording of the exclusion was of the insurer’s choosing. Given this reading of the contract, we find no error in the trial judge’s reasons.
DECREE
For the above reasons, we affirm the trial court’s decision that the named driver exclusion is not a part of the policy in effect at the time of the July 27, 1999 accident. All costs of this appeal are assigned to Imperial Fire and Casualty Insurance Company, et al.
AFFIRMED.

. Although Mrs. Bailey testified that her name is "Pearlie Bailey”, the policy at issue lists the named insured as "Pearlie Edwards”, her maiden name.

. Plaintiff's exhibit 12 sets forth the policy numbers and dates of coverage as follows:
Policy No.: IFC1384715-9 11/16/98 to 12/16/98
Policy No.: IFC1385824-3 12/24/98 to 01/16/99
Policy No.: IFC1390776-5 02/01/99 to 03/26/99
Policy No.: IFC1405063-1 03/26/99 to 04/26/99
Policy No.: IFC1407017-8 05/06/99 to 09/10/99