HUGHES, J.
Lin this suit on open account, defendant/appellant, WHM, L.L.C. (WHM) appeals the summary judgment rendered against it. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On February 2, 2009 WHM rented a Caterpillar 320CL (serial # PAB05589) from plaintiff/appellee, Hat’s Equipment, Inc. (Hat’s Equipment). The Caterpillar was rented on a month-to-month basis at the rate of $6,955.00 per month. WHM paid the first three month’s rental fees, but made no rental payments thereafter. The Caterpillar was returned, allegedly damaged, to Hat’s Equipment on July 19, 2009. On May 18, 2010 Hat’s Equipment sent WHM a demand letter via certified mail, pursuant to LSA-R.S. 9:278,[1] demanding $20,865.00 for past due rental *1074 payments, and $25,778.19 for the alleged damage to the equipment. In its demand, Hat’s Equipment further stated that if payment was not received within thirty days, I3WHM would also be liable for attorney’s fees and court costs. The dispute eventually culminated in the filing of this suit on June 14, 2010.
In its original petition, Hat’s Equipment incorrectly named “White Horse Maintenance, Inc.” as the defendant.[2] White Horse Maintenance, Inc. filed an answer to the suit and also exceptions, raising the objections of no right or cause of action and insufficiency of citation and service of process. In response, Hat’s Equipment filed an “Unopposed Motion and Order to Supplement and Amend Petition for Suit on Open Account” that was granted by the court by order signed on March 23, 2011. In the supplemental petition, Hat’s Equipment substituted WHM as defendant. Thereafter, WHM filed an answer, generally denying the allegations of the petition, and an exception raising the objection of prescription as to the claim for damages to the equipment. Hat’s Equipment filed a motion for summary judgment claiming that there were no genuine issues of material fact as to whether the debt was owed, or as to the amount of the debt. As such, it contended that summary judgment should be rendered in its favor as a matter of law.
WHM filed an opposition to the motion for summary judgment, wherein it re-urged its general denial of the allegations in the petition. WHM further claimed in its opposition memorandum that its answer and pending exception of prescription created general issues of material fact precluding summary judgment, and also alleged that the rental charges sought by Hat’s Equipment included additional months after WHM had |4advised Hat’s Equipment that its work was completed and the equipment was ready for pick-up.
At the hearing on the motion for summary judgment, both parties argued the issue of prescription.[3] The trial court *1075 granted the motion for summary judgment and rendered judgment against WHM in the amounts of $20,865.00 for rental fees owed on the equipment, $25,778.19 for damages to the equipment, $1,200.00 for attorney fees, and $631.16 for court costs, with judicial interest from the date of demand. A judgment was signed on July 19, 2011. WHM appeals that judgment, alleging that the “trial court committed manifest and legal error in its finding of no genuine issue of material fact.”
LAW AND ANALYSIS
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact|5and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
Appellate courts review summary judgments de novo under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate. Samaha v. Rau, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882; Allen v. State ex tel. Ernest N. Morial-New Orleans Exhibition Hall Authority, 02-1072, p. 5 (La.4/9/03), 842 So.2d 373, 377; Boudreaux v. Vankerkhove, 07-2555, p. 5 (La.App. 1 Cir. 8/11/08), 993 So.2d 725, 729-30.
In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765.
A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id., 04-0806 at p. 1, 876 So.2d at 765-66.
Only when a motion for summary judgment is made and supported as provided in LSA-C.C.P. art. 967, may an adverse party not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in LSA-C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, | ^summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. 967(B). See also Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 07-0107, p. 9 (La.App. 1 Cir. 2/8/08), 984 So.2d 72, 79-80; Cressionnie v. Intrepid, Inc., 03-1714, p. 3 (La.App. 1 Cir. 5/14/04), 879 So.2d 736, 738.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material for summary judgment purposes can be seen only in light of the substantive law applicable to the case. Richard v. Hall, 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137; Dyess v. American National Proper *1076 ty and Casualty Company, 03-1971, p. 4 (La.App. 1 Cir. 6/25/04), 886 So.2d 448, 451, writ denied, 04-1858 (La.10/29/04), 885 So.2d 592; Cressionnie v. Intrepid, Inc., 03-1714 at p. 3, 879 So.2d at 738-39.
To establish a prima facie case in a suit on open account, the creditor must prove the account by showing that the record of the account was kept in the course of business, and also introduce evidence regarding its accuracy. Jacobs Chiropractic Clinic v. Holloway, 90-1054 (La.App. 1 Cir. 10/18/91), 589 So.2d 31, 34. Once a creditor prevails in establishing its prima facie case, the burden then shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. Jacobs Chiropractic Clinic v. Holloway, 589 So.2d at 34.
In support of its motion for summary judgment, Hat’s Equipment introduced the following evidence: 1) the Contract Agreement; 2) WHM’s account statement; 3) a letter dated 6/25/09 from Hat’s Equipment to WHM advising WHM of the damage to the Caterpillar and the necessary repairs; 4) an invoice itemizing the costs to repair the Caterpillar; and 5) a copy of the demand letter sent to WHM by Hat’s Equipment’s attorney, with proof of 17receipt by WHM. Hat’s Equipment attached no affidavits or deposition testimony to its motion.
WHM opposed the motion but produced no affidavits or deposition testimony in support of its opposition. However, the law is well settled that the record as a whole must show that all critical elements of the opposing party’s case have been put to rest, regardless of whether the opposing party filed counter affidavits. This is because the burden of proof, as stated above, is on the mover to present a prima facie ease; the opponent has nothing to prove in response to the motion if a prima facie case has not been made. Richardson v. Geico Indemnity Co., 10-0208, p. 8 (La.App. 1 Cir. 9/10/10), 48 So.3d 307, 312, writ denied, 10-2473 (La.12/17/10), 51 So.3d 7, Estain v. U.S. Dept. of Transp. and Development, 01-0554 (La.App. 1 Cir. 5/10/02), 819 So.2d 375, 378.
Therefore, while Hat’s Equipment supported its motion with the contract, the account statement, and an invoice of damages, it did not verify the accuracy of the statement or invoice by affidavit or deposition testimony, as required. Neither did it produce an affidavit or deposition to prove that the records were kept in the course of business. Because Hat’s Equipment failed to prove the account by showing that the record of the account was kept in the course of business, and also neglected to introduce evidence regarding its accuracy, we must conclude that it failed to establish a prima facie case. See Nail v. Germania Plantation, Inc., 96-1602 (La.App. 1 Cir. 5/9/97), 693 So.2d 1294, see also St. Tammany Parish Hospital v. Burris, 00-2639 (La.App. 1 Cir. 12/28/01), 804 So.2d 960, see also National Gypsum Company v. Ace Wholesale, Inc., 96-215 (La.App. 5 Cir. 11/26/96), 685 So.2d 306, writ denied, 96-3055 (La.2/7/97) 688 So.2d 502.
| sConsequently, the burden of proof never shifted to WHM. WHM had nothing to prove in response to the motion and was still entitled to rest on the denials of its pleadings. As such, there are genuine issues of material fact as to the existence of the debt, the amount owed, and the amount of the damages to the equipment, if any. The trial court erred in granting summary judgment. For the reasons assigned above, we reverse the trial court judgment and remand this case for further proceedings.
CONCLUSION
For the reasons assigned herein, the judgment of the Twenty-First Judicial District Court, granting the motion for *1077 summary judgment in favor of the plaintiff/appellee, Hat’s Equipment, Inc., is reversed. This case is remanded to the district court for further proceedings. The costs of this appeal are assessed to plaintiff/appellee, Hat’s Equipment, Inc.
REVERSED AND REMANDED.

. Louisiana Revised Statutes 9:2781 states, in pertinent part, that:
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefore] correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant’s attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
. * * * * * *
F. If the judgment creditor incurs attorney fees after judgment on the principal demand associated with enforcement of the judgment, the judgment creditor may obtain judgment for those attorney fees and additional court costs by filing a rule to show cause along with an affidavit from counsel for the judgment creditor setting forth the attorney fees incurred. If the judgment debtor does not file with the court a memorandum in opposition at least eight days prior to the hearing on the rule, the court may award the attorney fees and court costs as prayed for without the necessity of an appearance in court by counsel for the judgment creditor. The rule to *1074 show cause shall include notice to the judgment debtor of the consequences under this Subsection of not timely filing a memorandum in opposition. The amount of any post-judgment award of attorney fees and costs shall be added to the total to be recovered on the principal demand through any existing writ or garnishment proceedings.

. While no assignments of error are raised regarding the substitution, we note that White Horse Maintenance, Inc. appears from the record to essentially be the predecessor of WHM, L.L.C. Both are composed of the same individuals, Shannon and Michelle Mack. White Horse Maintenance, Inc.'s charter was revoked in 2008. As such, it was not in existence at the time the contract was signed. However, according to the contract, the "Customer” is "White Horse WHM, L.L.C.” The contract was signed by Michelle Mack and the demand letter sent by Hat’s Equipment was signed as received by Michelle Mack.

. While the trial court did not specifically so state on the record, it appears that the exception of prescription was overruled. As discussed below, it is clear from the transcript of the hearing and the face of the pleadings that the claims of Hat's Equipment regarding the alleged damages to the Caterpillar did not prescribe.
WHM argued that the portion of the claim for the damages to the rented equipment is a delictual action based on negligence and is subject to the one-year prescriptive period found in LSA-C.C. art. 3492. Hat's Equipment argued that the damages arise from an open account and are governed by the three-year prescriptive period found in LSA-C.C. art. 3194. Alternatively, Hat’s Equipment argued that the damages amount to a breach of contract and are not prescribed until the passage of ten years.
Nevertheless, even if we assume that the claim for damages prescribed in one year, prescription began to run on the date that Hat's Equipment knew, or should have known, of the damages. See Harvey v. Dixie Graphics, Inc., 593 So.2d 351, (La.1/17/92). The terms of the contract require that the lessee (WHM) return the tractor to the lessor *1075 (Hat’s Equipment). It is uncontested that WHM did not return the equipment until July 19, 2009. Suit was filed on June 14, 2010. As such, even under LSA-C.C. art. 3492, the claim for damages had not prescribed at the time the suit was filed. Moreover, WHM did not assign error to the trial court's ruling on the exception.