STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0010

FRANCIS GARCIA AND KEIDY URREA,
INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN,
YUCKARY GARCIA AND OZNI GARCIA

VERSUS

MANUEL MARTINEZ, TANYA MEJIA-NUNEZ AND
SAFEWAY INSURANCE COMPANY

Judgment Rendered: September 27, 2019

********

Appealed from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Case No. 2015-2042

The Honorable Robert H. Morrison III, Judge Presiding

********

| | |
|---|---|
| Ivan A. Orihuela<br>Kenner, Louisiana | Counsel for Plaintiffs/Appellants<br>Francis Garcia and Keidy Urrea,<br>individually and on behalf of their<br>minor children, Yuckary Garcia<br>and Ozni Garcia |
| Michael W. Landry<br>Lafayette, Louisiana | Counsel for Defendant/Appellee<br>Safeway Insurance Company |
| Amy E. Boudreaux<br>Gregory J. Laborde<br>Lafayette, Louisiana | Counsel for Defendants/Appellees<br>Manuel Martinez and Tanya Mejia-<br>Nunez |

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**LANIER, J.**

Safeway Insurance Company ("Safeway"), made defendant in this suit, filed an "Exception Of No Right Of Action And Alternative Motion For Summary Judgment," which was granted by the trial court. The trial court dismissed all claims against Safeway, with prejudice. For the reasons that follow, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This suit arises as the result of an automobile accident that occurred on July 4, 2014, on Highway 190 in Tangipahoa Parish, Louisiana, when a 2010 Chevrolet Colorado pickup truck, in which plaintiffs, Francis Garcia, Keidy Urrea, Yuckary Garcia, and Ozni Garcia, were passengers, was struck by a 2006 Nissan Pathfinder, operated by defendant, Manuel Martinez, and owned by defendant, Tanya Mejia-Nunez. Plaintiffs subsequently filed suit against Tanya, Manuel, and Safeway seeking recovery for their respective personal injuries and property damages. Safeway was named as the alleged liability carrier on the vehicle owned by Tanya.

Thereafter, Safeway filed a petition for declaratory judgment in the Circuit Court for the State of Mississippi, County of Jackson, Case Number 2015-00,0672(2). Safeway sought judicial declaration that the insurance policy issued to Tanya was "null and void from its inception and that no coverage was due for an accident in Tangipahoa Parish, Louisiana, because Tanya ... submitted material misrepresentations and/or false warranties on the application for insurance and/or in the renewal process." According to the record, Tanya filed a *pro se* answer in the proceeding on April 30, 2015. On December 29, 2015, the Mississippi circuit court entered the following judgment:

> The relief sought by Safeway can be determined from the Complaint and its exhibits without further proof being required and Safeway is entitled to declaratory judgment as follows: Safeway Insurance Company is not obligated under policy of insurance no. 1573920-MS-PP-601 to provide coverage for a motor vehicle accident

2

occurring in Tangipahoa Parish, Louisiana, on July 4, 2014, involving a vehicle owned by Tayna E. Meija-Nunez and operated by Jose de Aza, and that said policy of insurance is null and void from its inception. It is therefore,

ORDERED AND ADJUDGED that declaratory judgment by default enter in favor of Safeway insurance Company as follows: Safeway Insurance Company is not obligated under policy of insurance no. 1573920-MS0PP0601 to provide coverage for a motor vehicle accident involving a vehicle owned by Tanya E. Mejia-Nunez and operated by Jose de Aza on July 4, 2014, in Tangipahoa Parish, Louisiana, and said policy is deemed null and void from its inception, and that all costs are assessed against the Defendant, Tanya E. Mejia-Nunez.

On September 9, 2016, pursuant to La. R.S. 13:4241 *et seq.*, Safeway filed an ex parte petition requesting that the Mississippi judgment be made executory and that Safeway be dismissed from the suit, with prejudice. According to the record, a judgment was signed on September 13, 2016, making the Mississippi judgment executory, declaring the Safeway policy in question to be null and void on the date of the accident, and dismissing Safeway from the suit, with prejudice. On September 29, 2016, plaintiffs filed a motion to vacate said judgment or in the alternative, a motion for new trial. Minutes from a November 21, 2016 hearing on plaintiffs' motion indicate that the matter was considered by the trial court as follows: "The matter was taken up and heard. Court heard oral argument. Court granted partial new trial as to dismissing claims and modified Mississippi Judgment to make executory. [Counsel for plaintiffs] will reduce to writing and submit at a later date."[1]

In January 2017, Safeway filed an exception raising the objection of no cause of action, alleging that the Mississippi judgment, made executory in Louisiana, was conclusive on the merits of Tanya's inability to bring a direct action against Safeway for damages stemming from the accident herein. Safeway noted, "Once the judgment was made executory in Louisiana, Tanya ... was barred from

---

[1] There is no judgment in the record concerning the November 21, 2016 hearing.

filing any suit against Safeway. Accordingly, Safeway is entitled to raise this defense against the plaintiffs by peremptory exception of no right of action." The minutes from February 21, 2017, reflect that the trial court heard argument on an "Exception of No Right of Action" and "denied the exception without prejudice."[2]

Thereafter, in June 2017, Safeway filed a pleading entitled "Exception Of No Right Of Action And Alternative Motion For Summary Judgment," again urging that because the Mississippi judgment had been made executory in Louisiana, plaintiffs had no right of action against Safeway. In the alternative, Safeway argued that once the Mississippi judgment was made executory in Louisiana, the policy issued by Safeway was considered null under Louisiana law and therefore, plaintiffs had no legal recourse against Safeway under the Louisiana Direct Action Statute, La. R.S. 22:1269.

The matter proceeded to hearing on July 2, 2018. According to the minutes from the hearing, "The matter was taken up and heard. ... Court granted the motion for Summary Judgment and noted objection for the record." The trial court rendered judgment on July 20, 2018, granting Safeway's exception/motion and dismissing plaintiffs' claims against Safeway, with prejudice. It is from this judgment that plaintiffs have appealed.

## DISCUSSION

On appeal, plaintiffs argue the trial court erred in granting Safeway's exception/motion because (1) the Mississippi default judgment was not conclusive on the merits; (2) plaintiffs have a right of action against Safeway; (3) Safeway did not meet its burden of proof for summary judgment; (4) the Mississippi default judgment has no *res judicata* effect; (5) the Mississippi default judgment did not address coverage as to defendant, Manuel Martinez, under the relevant Safeway

---

[2] Once again, although counsel for plaintiffs was to submit a judgment at a later date, no judgment on this exception appears in the record before us.

policy, and; (6) the Mississippi court did not have jurisdiction.[3]  In response, Safeway argues that based on the Mississippi judgment, there is no action available to plaintiffs against Safeway under the Direct Action Statute.  In the alternative, Safeway asserts that there is no genuine issue of material fact that the Mississippi judgment, made executory in Louisiana, declared the Safeway policy null and void, and thus summary judgment was warranted.

In granting Safeway's exception/motion, the trial court noted as follows:

> Well, when we heard this last time, it was brought before me strictly on the no right of action, and I denied it because I had some difficulty procedurally with the utilization of the no right of action. But now that it has been reurged as alternatively a motion for summary judgment, and none of facts have changed, and I will note parenthetically, as I have said before, that the -- it was a little unusual to me to start off as a motion for sanctions that ended up with a dispositive ruling on the merits as to noncoverage or that the policy was void ab initio, and in addition to the punitive insured making an appearance in the case in Mississippi, which gave rise to the sanctions to begin with, I believe it was alleged that the policy was contracted in the state of Mississippi.
>
> So, for those reasons, I do find that I'm bound by full faith and credit and will grant it as a motion for summary judgment.

Although plaintiffs' pleading in the instant case was captioned an "Exception Of No Right Of Action And Alternative Motion For Summary Judgment," the characterization of a pleading by the litigant is not controlling.  Rather, courts should look through the caption of pleadings in order to ascertain their substance. **Greene v. Succession of Alvarado**, 2015-1960 (La. App. 1 Cir. 12/27/16), 210 So.3d 321, 339.  Accordingly, as the trial court did below, we will review this as a motion for summary judgment.

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Jones v. Anderson**, 2016-1361 (La. App. 1 Cir. 6/29/17), 224 So.3d 413, 417.  After an opportunity for

---

[3] Because we reverse and remand the trial court's judgment herein based on Safeway's failure to meet its burden of proof on summary judgment, we pretermit consideration of the remaining issues raised by plaintiffs on appeal.

adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. Code Civ. P. art. 966(A)(4).

The burden of proof rests on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is then on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

Only when a motion for summary judgment is made and supported may an adverse party not rest on the mere allegations or denials of his pleadings. La. Code Civ. P. art. 967(B). On a motion for summary judgment, regardless of whether the opposing party files an opposition or counter-affidavits, the moving party must first show that all critical elements of the opposing party's case have been put to rest. This is because the burden of proof is on the mover to present a prima facie case. If the mover does not make a prima facie case, the burden never shifts to the opposing party, and the opposing party has nothing to prove in response to the motion for summary judgment. **Hat's Equipment, Inc. v. WHM, L.L.C.**, 2011-1982 (La. App. 1 Cir. 5/4/12), 92 So.3d 1072, 1076.

6

Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Crosstex Energy Services, LP v. Texas Brine Company, LLC**, 2017-0895 (La. App. 1 Cir. 12/21/17), 240 So.3d 932, 936, <u>writ denied</u>, 2018-0145 (La. 3/23/18), 238 So.3d 963. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.*, 240 So.3d at 936.

In filing its exception/motion in June 2017, Safeway argued that as a result of the December 29, 2015 Mississippi judgment being made executory in Louisiana, the Safeway policy at issue is void and plaintiffs have not and cannot state a cause of action against Safeway under the Direct Action Statute. In the alternative, Safeway alleged no genuine issues of material fact remained and it was entitled to judgment as a matter of law.

In support of its motion/exception, Safeway submitted a supporting memorandum, arguing that there was no question that the Mississippi court had declared the Safeway policy null and void from its inception and that the judgment had been made executory in Louisiana. Thus, Safeway maintained, there was no policy and summary judgment was warranted. Attached to its memorandum were the following exhibits: (1) a copy of the *ex parte* petition requesting that the Mississippi judgment be made executory, along with a copy of the December 29, 2015 Mississippi default judgment; (2) the affidavit of Sandra Redd, claims adjustor for Safeway in Mississippi; and (3) the September 13, 2016 order and judgment of dismissal signed by the trial court making the Mississippi judgment executory. In response to Safeway's motion/exception, plaintiffs filed an opposition memorandum, but failed to submit any documents or evidence in support of their opposition.

After a *de novo* review of the record, we find that the trial court improperly granted the motion for summary judgment in favor of Safeway. Safeway failed to meet its burden of producing sufficient supporting documentary evidence as required by Article 966(A)(3) and (4) to show that there was no genuine issue of material fact. The evidence introduced by Safeway in conjunction with its motion for summary judgment raises several genuine issues of material fact regarding the issue of insurance coverage in this case. In its memorandum, Safeway argued that there was no genuine issue of material fact that the Mississippi court declared the Safeway policy null and void from its inception, and thus, plaintiffs had no coverage for the accident in question. However, a review of the Mississippi judgment reveals several material facts still in dispute that are necessary to determine whether Safeway provided coverage in this case.

The December 29, 2015 Mississippi judgment specifically declared that Safeway was not obligated under policy no. 1573920-MS-PP-601 to provide coverage for an accident involving a vehicle owned by Tanya and operated by Jose de Aza on July 4, 2014.[4] However, the driver of the vehicle in the case before us is alleged to be Manuel Martinez, not Jose de Aza. Moreover, in the affidavit submitted by Safeway, Ms. Redd states that she is personally familiar with the claims made against Safeway by Tanya and that she had reviewed and had knowledge of the records "regarding the claims made the basis of the above mentioned suit." Ms. Redd attested that on the date of the alleged accident, July 4, 2014, "there was no policy that provided coverage for the claims, damages, demands and causes of action sued [on] in this lawsuit." The problem with Ms. Redd's affidavit is that it was filed in the 2nd Parish Court of Jefferson Parish in

---

[4] We note that while the Safeway policy is identified in one paragraph of the Mississippi judgment as policy no. 1573920-MS-PP-601, it is identified as policy no. 1573920-MS0PP0601 in the next paragraph of the judgment. However, based on the context of the judgment, we find this to be a mere typographical error in the judgment.

8

Docket number 119-443, in a case captioned Tanya Meija-Nunez vs. Safeway Insurance Company. Thus, when Ms. Redd used the phrases "the above mentioned suit" and "this lawsuit" in this affidavit, it would appear that these references are to another case, not the case before us now. Safeway has not put forth any evidence to connect the policy mentioned in the December 29, 2015 Mississippi judgment to the policy at issue in the instant case. Without such evidence and with all of these material facts still in dispute, summary judgment is inappropriate in this case.

We find the evidence submitted by Safeway is insufficient to meet Safeway's initial burden of proof on the motion for summary judgment to establish that there was no genuine issue of material fact as to a lack of coverage under the policy in question and that it was entitled to judgment as a matter of law. Accordingly, the burden of proof never shifted to plaintiffs to show that an issue of material fact existed. Given the insufficient evidence presented by Safeway, plaintiffs had nothing to prove in response to Safeway's motion for summary judgment and were entitled to rest on the allegations of their petition. See **Neighbors Federal Credit Union v. Anderson**, 2015-1020 (La. App. 1 Cir. 6/3/16), 196 So.3d 727, 734; see also La. C.C.P. art. 967(B). Thus, Safeway's motion for summary judgment was improvidently granted and we reverse the July 20, 2018 judgment of the trial court.

## CONCLUSION

For the above and foregoing reasons, we reverse the July 20, 2018 judgment of the trial court granting summary judgment in favor of Safeway and dismissing plaintiffs' claims against Safeway and assess all costs of this appeal against the defendant/appellee, Safeway Insurance Company.

**REVERSED AND REMANDED.**