## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2018 CA 1742

ALBERTA HITE

VERSUS

JAMES FARMER, UV LOGISTICS, L.L.C. D/B/A UNITED VISION LOGISTICS, AND GEICO CASUALTY INSURANCE COMPANY

CONSOLIDATED WITH

2018 CA 1743

KAYCI R. FRANCOIS AS PROVISIONAL TUTRIX OF PAYTIN SIMON

VERSUS

JUDITH SAVOIE FARMER, APPOINTED SUCCESSION REPRESENTATIVE AND/OR EXECUTRIX OF THE SUCCESSION OF JAMES FARMER, AMERICAN FINANCIAL GROUP, INC. D/B/A GREAT AMERICAN INSURANCE COMPANY, AND UV LOGISTICS, L.L.C. D/B/A UNITED VISION LOGISTICS, GEICO CASUALTY INSURANCE COMPANY

*DATE OF JUDGMENT:* SEP 2 7 2019

ON APPEAL FROM THE THIRTY SECOND JUDICIAL DISTRICT COURT NUMBER 175982 C/W 176986, DIVISION A, PARISH OF TERREBONNE STATE OF LOUISIANA

HONORABLE GEORGE J. LARKE, JR., JUDGE

* * * * * *

Bradley Allen Doyle
Houma, Louisiana

Counsel for Plaintiffs - Appellees
Alberta Hite and Kayci R. Francois on
behalf of the minor Paytin Simon

Brett D. Maurin
Metairie, Louisiana

Counsel for Defendant - Appellee
GEICO Casualty Insurance Company

Rodney James Lacoste, Jr.
Kristie L. Mouney
Michael W. Robertson
New Orleans, Louisiana

Counsel for Defendant - Appellee
Great American Insurance Company

George O. Luce
Frederic Courtney Fondren
Houma, Louisiana

Counsel for Defendants – Appellants
Judith Savoie Farmer, as Appointed
Succession Representative and/or
Executrix of the Succession of James
Farmer, UV Logistics, L.L.C. d/b/a
United Vision Logistics, and UV
Insurance Risk Retention Group, Inc.

\* \* \* \* \* \*

BEFORE: MCDONALD, THERIOT, AND CHUTZ, JJ.

**Disposition: REVERSED.**

2

**CHUTZ, J.**

Defendants-appellants, Judith Savoie Farmer, UV Logistics, LLC d/b/a United Vision Logistics, and UV Insurance Risk Retention Group, Inc. appeal a partial summary judgment in favor of plaintiffs-appellees, Alberta Hite and Kayci R. Francois on behalf of the minor Paytin Simon, decreeing that James Farmer was 100% liable and at fault in an automobile collision that occurred between vehicles operated by Ms. Hite and Mr. Farmer. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2015, Ms. Hite and Mr. Farmer were operating their vehicles. Ms. Hite was the alleged favored driver and Mr. Farmer was the alleged non-favored driver. Ms. Hite had Paytin Simon and Tokoyshi Thomas as passengers in her vehicle. Mr. Farmer's and Ms. Hite's vehicles collided on Barrow Street, north of the intersection of Highway 311 and Barrow Street in Houma, Louisiana. Ms. Hite and Ms. Francois subsequently filed these consolidated lawsuits, naming Ms. Farmer, as a defendant in her capacity as the appointed succession representative and/or executrix for the Succession of Mr. Farmer's estate;[1] UV Logistics, L.L.C. d/b/a United Vision Logistics, Mr. Farmer's employer at the time of the accident; and UV Insurance Risk Retention Group, Inc., the alleged insurer of the vehicle Mr. Farmer was driving at the time of the accident.[2]

After Ms. Farmer answered the lawsuits, plaintiffs filed a motion for partial summary judgment on the issue of Mr. Farmer's liability, which the trial court denied. This court granted in part and denied in part plaintiffs' writ application, challenging the partial denial. See _Hite v. Farmer_, 2017-0826 (La. App. 1st Cir.

---

[1] After the accident, Mr. Farmer died from a cause apparently unrelated to the accident.

[2] GEICO Casualty Insurance Company (GEICO), Ms. Hite's underinsured/uninsured motorist insurer, and American Financial Group, Inc. d/b/a Great American Insurance Company were also named as defendants. On February 16, 2018, Great American Insurance Company was dismissed from this litigation with prejudice. And on June 19, 2018, GEICO was voluntarily dismissed from the litigation without prejudice.

10/16/2017), 2017 WL 4640142 (unpublished writ action), <u>writ denied</u>, 2017-1847 (La. 1/9/18), 231 So.3d 651, stating:

> **WRIT GRANTED IN PART AND DENIED IN PART.** The trial court committed legal error in admitting the unsworn, out-of-court statement of [Mr.] Farmer, relating the facts of the accident of April 25, 2015 to an insurance adjuster, into evidence on the Motion of Plaintiff[s] for Partial Summary Judgment on Liability. The statement is not permissible summary judgment evidence, under La. [C.C.P.] art. 966(A)(4) and 967(A) because it is unsworn and attached to the affidavit of [a third party] who has no personal knowledge of the facts of the accident. As such, the statement was not authenticated. Furthermore, the statement constitutes hearsay and does not meet the residual exception, under La. [C.E.] art. 804(B)(6). Accordingly, the ruling of the trial court admitting the statement of [Mr.] Farmer is hereby reversed. In all other respects, the writ is denied.

Thereafter, plaintiffs reurged their motion for partial summary judgment, attaching affidavits from Ms. Hite and Ms. Thomas. In their opposition to the motion, defendants attached Ms. Farmer's affidavit, in which she attested her recollection of the account of the accident that Mr. Farmer had shared with her, annexing to her affidavit a copy of a police report. They additionally attached to their opposition to the motion a copy of a map purporting to depict the location where the accident occurred and a compact disc with an audio recording of Mr. Farmer's unsworn statement that this court had previously determined was impermissible summary judgment evidence and hearsay which did not meet the residual exception.

After a hearing, the trial court signed a judgment on May 30, 2018, granting the motion for partial summary judgment, which concluded that Mr. Farmer was 100% liable and at fault for the April 25, 2015 automobile collision. Defendants appeal.

## DISCUSSION

Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court's determination of whether summary judgment is appropriate. ***Schultz v. Guoth***,

4

2010-0343 (La. 1/19/11), 57 So.3d 1002, 1005-06. A motion for summary judgment shall be granted only if pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions admitted for purposes of the motion for summary judgment show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). A genuine issue is one as to which reasonable persons could disagree. Moreover, all doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765-66 (per curiam); *Neighbors Fed. Credit Union v. Anderson*, 2015-1020 (La. App. 1st Cir. 6/3/16), 196 So.3d 727, 735.

The burden of proof rests with the movers. La. C.C.P. art. 966(D)(1). When the movers will bear the burden of proof at trial, it must be determined that their supporting documents are sufficient to resolve all material issues of fact. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that an issue of material fact exists, because she can no longer rest on the allegations or denials in her pleadings at that point. *Neighbors Fed. Credit Union*, 196 So.3d at 734. Thus, regardless of whether the opposing party files an opposition or counter-affidavits, the moving party must first show that all critical elements of the opposing party's case have been put to rest. This is because the burden of proof is on the mover to present a prima facie case. If the mover does not make a prima facie case, the burden never shifts to the opposing party and she has nothing to prove in response to the motion for summary judgment. *Hat's Equip., Inc. v. WHM, L.L.C.*, 2011-1982 (La. App. 1st Cir. 5/4/12), 92 So.3d 1072, 1076.

Comparative negligence is determined by the reasonableness of the party's behavior under the circumstances. *Edmond v. Cherokee Ins. Co.*, 2014-1509 (La. App. 1st Cir. 4/24/15), 170 So.3d 1029, 1037. All motorists owe a general duty to observe what should be observed. *Id.* (citing *Mart v. Hill*, 505 So.2d 1120, 1123

5

(La. 1987)). Additional duties arise depending on the motorist's movements on the roadway in relation to other vehicles. *Edmond*, 170 So.3d at 1037.

La. R.S. 32:124 provides that the driver of a vehicle about to enter or cross a highway from a private road, driveway, alley, or building, shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. The driver entering a highway has the primary duty to avoid a collision. Unusual, extreme, and high care toward favored traffic is required of such a motorist under our jurisprudence. *Edmond*, 170 So.3d at 1037.

Conversely, the duty of the driver on the favored street toward the intruding motorist is the much-lesser ordinary care, and that driver generally may rely on the assumption or presumption that those vehicles entering the roadway from less-favored positions such as a private driveway will not drive into the path of favored traffic. Nevertheless, even a favored driver can still be found negligent if her substandard conduct contributed to the cause of the accident. *Id.*

On appeal, defendants contend that the trial court erred when it failed to consider Ms. Farmer's affidavit along with its attachment of the police report and the recorded audio statement Mr. Farmer provided to his insurer prior to his death. Pretermitting the propriety of the trial court's exclusion of the affidavit and the other evidence attached to defendants' opposition, we conclude that outstanding issues of material fact preclude summary judgment in favor of plaintiffs on the issue of allocation of fault.

Specifically, our de novo review shows that plaintiffs' supporting affidavits with the attached diagrams do not address when Ms. Hite first saw Mr. Farmer's vehicle and, thereby, whether she had sufficient time to avoid the accident. Neither Ms. Hite nor Ms. Thomas attested to the distance between Ms. Hite's vehicle "immediately after crossing the intersection of Highway 311 and Barrow Street" and the point where Mr. Farmer's vehicle "began to enter Barrow Street, from a

6

private driveway known as the Propeller Shop" so as to support the conclusory attestations by both Ms. Hite and Ms. Thomas that Ms. Hite "could not do anything to avoid the automobile collision that occurred on April 25, 2015." Accordingly, plaintiffs failed to make their initial showing that at the time Mr. Farmer exited the driveway, Ms. Hite's vehicle was close enough to constitute an immediate hazard and, therefore, that Mr. Farmer was required to yield the right of way. As such, the burden never shifted to defendants, and they had nothing to prove in response to the motion for summary judgment. Therefore, the trial court erred in granting summary judgment on the showing made.

## DECREE

For these reasons, the trial court's judgment, granting partial summary judgment and decreeing that Mr. Farmer "was 100% ... liable and at fault in the automobile collision that resulted in his collision with the vehicle being operated by [Ms. Hite] which is the subject matter of this lawsuit," is reversed. Appeal costs are assessed against plaintiffs-appellees, Alberta Hite and Kayci R. Francois on behalf of the minor Paytin Simon.

**REVERSED.**